UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                                           **DECISION AND ORDER**
                                                                        17-CR-193S

BRETT SCHULTZ,

                Defendant.

       On April 15, 2020, this Court denied without prejudice Defendant Brett Schultz's Motion for Release or Sentence Reduction under the federal compassionate-release statute—18 U.S.C. § 3582 (c)(1)(A)—for failure to satisfy what this Court determined to be the mandatory exhaustion provisions of that statute.  See United States v. Schultz, 17-CR-193S, 2020 WL 1872352 (W.D.N.Y. Apr. 15, 2020).[1]  Schultz now seeks reconsideration of that decision primarily on the basis that additional district-court decisions have issued reaching the opposite conclusion.[2]  (Docket No. 41.)  Upon receipt of Schultz's motion, this Court entered a scheduling notice requiring the completion of briefing by April 29, 2020.  (Docket No. 42.)  Now having further reviewed Schultz's motion, this Court finds additional briefing unnecessary and will deny the request for reconsideration.

       Motions for reconsideration brought in criminal cases are assessed under the civil

---

1 This decision is filed at Docket No. 39.

2 Schultz also notes that one court cited in Schultz reversed itself.  Compare United States v. Gross, No. 15-cr-769 (AJN), 2020 WL 1862251 (S.D.N.Y. Apr. 14, 2020) (finding exhaustion mandatory) with United States v. Scparta, 18-cr-578 (AJN), 2020 WL 1910481, at *7 (S.D.N.Y. Apr. 20, 2020) (finding exhaustion excusable).

1

reconsideration standard, since there is no express criminal procedure provision for such motions. See United States v. Larson, No. 07-CR-304S, 2013 WL 6196292, at *2 (W.D.N.Y. Nov. 27, 2013) (collecting cases). Reconsideration is generally justified in any one of the following three circumstances: (1) an intervening change in controlling law; (2) new evidence; or (3) the need to correct a clear error of law or to prevent manifest injustice. See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992); see also Shrader v. CSZ Trans., Inc., 70 F.3d 255, 257 (2d Cir. 1995) ("reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court"); Amerisure Ins. Co. v. Laserage Tech. Corp., No. 96-CV-6313, 1998 WL 310750, *1 (W.D.N.Y. Feb. 12, 1998) (citing United States v. Adegbite, 877 F.2d 174, 178 (2d Cir. 1989)).

The decision whether to grant or deny reconsideration lies in the court's discretion. See McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983). Parties seeking reconsideration "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." Duane v. Spaulding and Rogers Mfg. Inc., No. 92-CV-305, 1994 WL 494651, *1 (N.D.N.Y. Aug. 10, 1994) (quoting McDowell Oil Serv. v. Interstate Fire and Cas., 817 F. Supp. 538, 541 (M.D.Pa. 1993)). Motions for reconsideration are not to be used as a means to reargue matters already disposed of by previous rulings or to put forward additional arguments that could have been raised before the decision. See Duane, 1994 WL 494651 at *1. After all, a "motion for reconsideration is not a device intended to give an unhappy litigant

2

one additional chance to sway the judge." Nossek v. Bd. of Ed. of Duanesburg Cent. Sch. Dist., No. 94-CV-219, 1994 WL 688298, *1 (N.D.N.Y. Nov. 10, 1994).

Judged against these well-settled standards, Schultz fails to state a valid ground for reconsideration: he does not assert an intervening change in *controlling* law;[3] he does not cite new evidence; he does not allege a need to correct a clear error of law; and he does not assert the need to prevent manifest injustice. Schultz simply disagrees with this Court's decision and seeks to buttress his arguments with additional cases supporting his position. That, however, is not a proper basis for reconsideration. See Duane, 1994 WL 494651 at *1; Nossek, 1994 WL 688298, *1.

This Court recognized in Schultz that there is a split of opinion, see Schultz, 2020 WL 1872352, at *4-5, and to be fair, additional decisions have also issued consistent with this Court's analysis. See, e.g., United States v. Gonzalez, 3:18-CR-00315 (KAD), 2020 WL 1940666, at *3 (D. Conn. Apr. 22, 2020) ("the statute's requirements are unambiguous and mandatory"); United States v. Vence-Small, No. 3:18-cr-00031 (JAM), 2020 WL 1921590, at *4 (D. Conn. Apr. 20, 2020) (holding that "[t]he Supreme Court's decision in Ross v. Blake dictates the outcome here because section 3582 (c)(1)(A) creates a statutory exhaustion requirement"); United States v. Smith, No. 3:16-cr-48 (MPS); 2020 WL 1903160, at *2-3 (D. Conn. Apr. 17, 2020) ("I view the exhaustion

---

[3] Decisions by other district judges, even those in this district, are not controlling. See Camreta v. Greene, 563 U.S. 692, 709 n.7, 131 S. Ct. 2020, 179 L. Ed. 2d 1118 (2011) ("'A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.'") (quoting 18 J. Moore et al., Moore's Federal Practice § 134.02 [1][d], p. 134-26 (3d ed. 2011)); Arculeo v. On-Site Sales & Marketing, LLC., 321 F. Supp. 2d 604, 609 (S.D.N.Y. 2004). Nor does the mere *filing* of a petition for rehearing *en banc* in United States v. Raia in any way diminish the panel's decision. No. 20-1033, 2020 WL 164792 (3d Cir. Apr. 2, 2020).

requirement in § 3582 (c) as mandatory and not subject to exceptions for futility or other judge-made exceptions."); United States v. DeMaria, 17 Cr. 569 (ER), 2020 WL 1888910, at *3 (S.D.N.Y. Apr. 16, 2020) (finding § 3582 (c)(1)(A)'s exhaustion requirement to be mandatory).   And this Court itself has issued another decision consistent with Schultz, in which it examined the cases Schultz relies on now.  See United States v. Cassidy, 17-CR-116S, Docket No. 61 (W.D.N.Y. Apr. 24, 2020).

Consequently, this Court finds no basis for reconsideration.  Schultz's motion is therefore denied.

IT HEREBY IS ORDERED, that Schultz's motion for reconsideration (Docket No. 41) is DENIED, and the parties are EXCUSED from complying with this Court's Scheduling Notice (Docket No. 42).

Date:  April 24, 2020
       Buffalo, NY

                                            s/William M. Skretny
                                            WILLIAM M. SKRETNY
                                            United States District Judge

4